UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| LAURIE DARMOFAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GULF COAST CHILDREN'S ADVOCACY ) <br> CENTER, ) <br> ) <br> Defendant. ) | Case: 3:23-cv-24629 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff, Laurie Darmofal ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Gulf Coast Children's Advocacy Center ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADEA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

3. Venue of this action properly lies in the Northern District of Florida pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district

and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the (attached hereto as Exhibit "A").

6. At least sixty (60) days have lapsed since the filing of Plaintiff's charge of employment discrimination with the EEOC thus giving Plaintiff right to sue under the ADEA.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Laurie Darmofal resided in Santa Rosa County in the State of Florida.

8. At all times material to the allegations in this Complaint, Defendant, Gulf Coast Children's Advocacy Center was a not for profit corporation doing business in and for Escambia County whose address principal address is 210 E. 11th Street, Panama City, Florida 32401.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant at its Pensacola, Florida location as a Program

2

Coordinator from September 2022 until her unlawful termination on or around June 2023.

12. Plaintiff is 50 years old and is a member of a protected class because of Plaintiff's age.

13. Since at least September 2022 through June 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of age in violation of the ADEA.

14. The qualifications for Program Coordinator include but are not limited to: overseeing child abuse and neglect prevention programming, teaching mandated reporter trainings, and providing resources to child victims of abuse and their families.

15. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of Plaintiff's employment

16. On or around October of 2022, Plaintiff's co-worker, Allie began mocking Plaintiff's colleague, Daphne who is in her 50's, for Daphne's age.

17. Allie continued to make derogatory comments regarding Daphne's age and her Facebook profile—making Plaintiff extremely uncomfortable as Daphne and the Plaintiff are around the same age.

18. On or around January of 2023, shortly after the Plaintiff's 50th birthday, Plaintiff's subordinate, Whitney asked Plaintiff "Can we use your AARP discount?"

19. Both Whitney and Allie burst into laughter.

20. Both Allie and Whitney also frequently referred to Plaintiff as "mom" furthering the Plaintiff's discomfort in the workplace.

21. Towards the end of January 2023, Defendant's Executive Director told Plaintiff that she needed to "figure out how to work with the younger generations," implying that Plaintiff

should accept the age based harassment, and demonstrating a preference for younger employees.

22. On or around April of 2023, Plaintiff spoke with Defendant's Human Resources Representative and the Executive Director to complain about the age-based discrimination and/or harassment she was experiencing at work emphasizing Plaintiff felt targeted because of her age.

23. Plaintiff provided the Chief Operations Manager with specific examples of Plaintiff's age-based discrimination and/or harassment particularly from Allie, to which he dismissively replied "That's just her generation, you'll have to get used to it."

24. In May of 2023, plaintiff lodged a formal complaint about the discrimination and/or harassment she was experiencing.

25. Shortly thereafter, in June of 2023, HR representative approached Plaintiff stating her intention to discuss Plaintiff's "deficiencies" and initiate a corrective action plan.

26. During this interaction, the HR representative admitted that it appeared like retaliation for Plaintiff reporting age based harassment.

27. Plaintiff's alleged "deficiencies" were never mentioned to her until after she filed a formal complaint regarding the age-based discrimination and/or harassment.

28. The HR representative informed Plaintiff that Plaintiff could either be written up for an infraction the Plaintiff did not commit or resign from her position.

29. Plaintiff was made to feel like she had no choice but to resign or continue being harassed and discriminated against for her age.

30. Plaintiff was unlawfully constructively terminated because of Plaintiff's age (50) in June 2023.

31. Plaintiff was retaliated against and Plaintiff's employment was ultimately

4

terminated for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

32. Plaintiff can show that Plaintiff engaged in statutorily protected activity—a necessary component of Plaintiff's retaliation claim—because Plaintiff lodged complaints directly to the Executive Director and HR representative.

33. Plaintiff was targeted for constructive termination because of Plaintiff's age and reporting of age based harassment.

34. Plaintiff suffered multiple adverse employment actions including, but not limited to being subjected to a hostile work environment, and constructive termination.

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

37. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (50).

38. Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

40. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's age.

41. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Age-Based Harassment)

43. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

45. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.* due to Plaintiff's age.

46. Defendant knew or should have known of the harassment.

47. The age-based harassment was severe or pervasive.

48. The age-based harassment was offensive subjectively and objectively.

49. The age-based harassment was unwelcomed.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Age Discrimination in Employment Act
### (Retaliation)

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based harassment and/or discrimination.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*

56. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

58. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the age-based harassment and/or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's

favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Liquidated damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of October, 2023.

    */s/ Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
FL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*