UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAURIE DARMOFAL,                                          Civil Action No.: 3:23-cv-24629

    Plaintiff,

v.

GULF COAST CHILDREN'S ADVOCACY
CENTER,

    Defendant.
_____/

## DEFENDANT, GULF COAST CHILDREN'S ADVOCACY CENTER'S MOTION TO DISMISS

Defendant, GULF COAST CHILDREN'S ADVOCACY CENTER, ("Gulf Coast" or "Defendant"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiff's, LAURIE DARMOFAL, ("Plaintiff" or "Darmofal"), Complaint [D.E. 1], and in support states as follows:

### INTRODUCTION

On October 9, 2023, Plaintiff initiated this action with the filing of her three-count Complaint alleging age discrimination in violation of the Age Discrimination in Employment Act of 1976 ("ADEA"), harassment in violation of the American with Disabilities Act ("ADA"), and retaliation in violation of the ADEA. Plaintiff fails to allege facts adequate to raise her right to relief above a speculative level as it

1

relates to Count I, age discrimination and Count III, retaliation. As it relates to Count II, harassment in violation of the ADA, Plaintiff failed to exhaust her administrative remedies, as the EEOC Charge is void of any disability. As such, Plaintiff's Complaint should be dismissed in its entirety.

## STANDARD OF LAW

In considering a motion to dismiss, the Court should accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order for a plaintiff to satisfy the required "plausibility standard," she must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-21588-CIV, 2012 WL 3026368, at *2 (S.D. Fla. July 20, 2012) (quoting *Iqbal*, 129 S. Ct. at 1949). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Puig v. Miami-Dade County*, No. 09-20822-CIV, 2010 WL 1631896, at *1

(S.D. Fla. Jan. 13, 2010) (citing *Twombly*, 550 U.S. at 561; *Petrovic*, 2012 WL 3026368, at *2 ("Although this pleading standard 'does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation.'"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)).

As the Supreme Court explained in *Ashcroft v. Iqbal*, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004). Furthermore, "[c]ourts . . . need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal

3

conclusions asserted by a party." *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997), *order clarified on reconsideration*, No. 96-1772-CIV, 1997 WL 33123678 (S.D. Fla. Nov. 6, 1997).

## MEMORANDUM OF LAW

### I.  Plaintiff has Failed to Allege a Prima Facie Case of Age Discrimination under the ADEA

Under the Age Discrimination in Employment Act of 1967 ("ADEA") it is unlawful to discriminate against any individual age 40 or older because of their age with respect to any term, condition, or privilege of employment, including but not limited to, recruitment, hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training. 29 U.S.C. § 623(a)(1). "In order to establish a prima facie case of age discrimination, the Plaintiff may show that: (1) [s]he was a member of the protected group of persons …; (2) [s]he was subject to adverse employment action; (3) a younger person filled the position from which [s]he was discharged; and (4) [s]he was qualified to do the job." *Kilpatrick v. Tyson Foods, Inc.,* 268 Fed.Appx. 860, 863 (11th Cir.2008) (citing *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir.2000)).  "Plaintiffs may establish prima facie cases of age discrimination in three ways: (1) by presenting direct evidence of discriminatory

4

intent, (2) by meeting the so-called '*McDonnell Douglas*'[1] test, or (3) by demonstrating a statistical pattern of discrimination." *Alphin v. Sears, Roebuck & Co.,* 940 F.2d 1497, 1500 (11th Cir.1991) (emphasis added) (citing *Earley v. Champion Int'l. Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990)); accord *Corbin v. Southland Int'l Trucks,* 25 F.3d 1545, 1548 (11th Cir.1994).

Here, Plaintiff alleges she is a member of a protected group due to her age, and that she was qualified to do her job. However, Plaintiff's Complaint falls short to allege she was subject to an adverse employment action, as she fails to adequately allege constructive discharge. Moreover, Plaintiff fails to allege a comparator, as the Complaint is void of allegations as to a younger person filling her role.

As it relates to the adverse employment action, Plaintiff's Complaint falls short in regard to constructive discharge. Plaintiff fails to adequately allege she was constructively discharged. In order to show constructive discharge, an employee must prove that their working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign. *Aguirre v. City of Miami,* No. 04-23205-CIV, 2007 WL 2700579, at *4 (S.D. Fla. Sept. 12, 2007) (*citing Hill v. Winn-Dixie Stores, Inc.,* 934 F.2d 1518, 1526-27 (11th Cir.1991) (*citing Wardwell

---

[1] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ("The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.").

5

*v. School Bd. of Palm Beach County, Florida,* 786 F.2d 1554, 1557 (11th Cir.1986)). An employee's working conditions, therefore, must significantly deteriorate in order for the court to consider an employer's actions to be a constructive discharge. *Id.*

Plaintiff's Complaint does not contain any allegations that even attempt to show that her working conditions were difficult. Plaintiff's Complaint contains a single allegation of one specific comment that was allegedly made to her. [D.E. 1 ¶18]. For constructive discharge to exist, there must be more pronounced actions of disdain or disapproval by the employer towards an employee. *See Hill, 934 F.2d at 1526-27; see Poole v. Country Club of Columbus, Inc.,* 129 F.3d 551, 553 (11th Cir.1997) (suggesting that being stripped of all responsibility, given only a chair and no desk, and isolated from conversations with other workers, might be conditions that a reasonable person would consider to be constructive discharge). Here, the conditions as alleged by the Plaintiff do not rise to that level. Courts have refused to find constructive discharge under similar or more adverse circumstances than those here. *See, e.g., Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1231 (11th Cir.2001) (finding that being told one is doing a "terrible" and "lousy job" not enough for constructive discharge); *Fitz,* 348 F.3d at 978 (holding in an age discrimination setting that being berated and told that management planned to fire one are insufficient); *Steele v. Offshore Shipbuilding, Inc.,* 867 F.2d 1311, 1316-18 (11th Cir.1989) (affirming district court's finding that female employees established

that they were subjected to a hostile work environment, based upon supervisor's sexually-oriented joking with employees, requesting sexual favors, commenting on employees' attire in a suggestive manner, and asking them to visit him on the couch in his office; however, employees were not constructively discharged because they alleged only one incident of harassment after meeting between employee, harassing supervisor, and employer's EEOC officer). As such, a reasonable person would not have felt compelled to resign based upon the allegations in the Complaint.

Most notably, Plaintiff did not resign until she was told that she was going to be written up for an infraction. [D.E. 1 ¶28]. Employee resignations are presumed to be voluntary. *Hargray v. City of Hallandale,* 57 F.3d 1560, 1568 (11th Cir. 1995). A plaintiff's decision "to voluntarily resign in the face of possible termination is not a constructive discharge." *Jones v. Allstate Ins. Co.,* 707 F. App'x 641, 646 (11th Cir. 2017). "[R]esignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges." *Hargray,* 57 F.3d at 1568. Therefore, because Plaintiff chose to resign instead of being written up, Plaintiff was not constructively discharged. As such, Plaintiff's Complaint fails to adequately allege an adverse employment warranting dismissal of Count I.

Plaintiff must allege that a younger person filled the role that she was discharged from. Despite the fact that Plaintiff was not discharged, she chose to resign, the Complaint makes no mention of who replaced Plaintiff. Plaintiff's only

7

mention of other employees, outside of her protected class, does not provide a comparator. Instead, Plaintiff vaguely alleges "Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class. [D.E. 1 ¶39]. Due to Plaintiff's failure to allege a younger person filled her role, Count I must be dismissed.

## II.     Count II Must be Dismissed for Failure to Exhaust Administrative Remedies

An employee alleging a violation of the American with Disabilities Act must exhaust her administrative remedies before filing suit. *Stamper v. Duval Cty. Sch. Bd.,* 863 F.3d 1336 (11th Cir. 2017). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Commission]." *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has squarely held that a plaintiff's "judicial complaint is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Griffin v. Carlin,* 755 F.2d 1516, 1522 (11th Cir. 1985). "Absent some allegation of fact sufficient to put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the EEOC charge."

*Gaston v. Home Depot USA, Inc.,* 129 F. Supp. 2d 1355, 1365 (S.D. Fla.), *aff'd sub nom. Gaston v. Home Depo USA, Inc.,* 265 F.3d 1066 (11th Cir. 2001).

Plaintiff's EEOC Charge is void of any mention of a disability. *See* Exhibit "A" to Plaintiff's Complaint. The Charge of Discrimination has boxes to mark for the type of discrimination, and notably the disability box is not checked, only retaliation and age. As such, Plaintiff is barred from raising a claim for harassment in violation of the American with Disabilities Act and Count II must be dismissed.

**III.   Count III Must be Dismissed for Failure to Allege Adverse Employment Action and the Casual Connection**

Under the ADEA, a retaliation claim must be based on the prohibition that "[i]t shall be unlawful for an employer to discriminate against any of his employees... because such individual ... has opposed any practice made unlawful by this section, or because such individual .... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter. 29 U.S.C. § 623(d) (emphasis supplied). To establish a prima facie case of retaliation, a Plaintiff must allege that (1) Plaintiff "engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1311 (11th Cir. 2002). The standard for causation in these cases is high, that " 'age was the 'but-for' cause of the employer's adverse decision.' " *Univ. of Tex.*

9

*Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517, 2527 (2013) (quoting *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009)).

Plaintiff attempts to make the connection to the adverse action, constructive discharge and retaliation but fails to make a plausible connection due to age. *Daugherty-Davis v. Sessions,* No. 4:17CV200-RH/CAS, 2018 WL 5624725, at *4 (N.D. Fla. July 13, 2018) ("Defendant is correct that to state a claim under the ADEA, the plaintiff must allege facts that would establish his or her age was the "but-for" cause of the adverse employment action" and "Plaintiff alleged that she suffered adverse employment action not only due to age, but to race, disability, and gender [but]...[t]he facts alleged by Plaintiff are insufficient to show that she suffered an adverse employment action due to her age."); *Davis v. Delta Airlines,* No. 1:20-CV-324-CC-CCB, 2021 WL 2516226, at *3 (N.D. Ga. Jan. 4, 2021), report and recommendation adopted, No. 1:20-CV-0324-CC, 2021 WL 2517374 (N.D. Ga. Jan. 22, 2021) (holding that "nothing connects any of Defendant's actions to Plaintiff's age" and "Plaintiff's allegations do not show that age was the "but-for" cause of any adverse action.").

As detailed above, Plaintiff's Complaint fails to sufficiently allege the adverse employment action of constructive discharge. Without the adverse employment action, the retaliation claim fails, and must be dismissed. Additionally, the Complaint fails to allege the necessary causal relationship between the constructive

discharge and the statutorily protected activity. Plaintiff may also prove causation by showing that the employer knew of his statutorily protected activity, and there was a close temporal proximity between this awareness and the adverse employment action. *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir. 2004). In the absence of any other evidence tending to show causation, a claim of retaliation fails as a matter of law "[i]f there is a substantial delay between the protected expression and the adverse action." *Id.* The 11th Circuit has held that that a time interval of three to four months between the protected activity and termination is too attenuated, as a matter of law, to satisfy the causation element of a retaliation claim. *Brown v. Wrigley Manufacturing Company, LLC*, No. 21-11328, 2023 WL 2386500 at *3 (11th Cir. Mar. 7, 2023), citing *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007). As per the Complaint, the only allegation of a comment made to Plaintiff was in January 2023. [D.E. 1 ¶18]. However, in June of 2023, is when Defendant approached Plaintiff regarding the corrective action plan. [D.E. 1 ¶25]. Instead of accepting the corrective action plan, Plaintiff chose to resign from her position. [D.E. 1 ¶28]. Therefore, the allegations in the Complaint do not reflect a causal connection as they are too attenuated, and Count III must be dismissed.

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice, and any other such

11

relief as the Court deems appropriate.

Dated this 18th day of December 2023.

              Respectfully submitted,

              LYDECKER LLP
              *Counsel for Defendants*
              1221 Brickell Avenue, 19th Floor
              Miami, Florida 33131
              Telephone: (305) 416-3180
              Facsimile: (305) 416-3190

          By: */s/Morgan Gieser*
              MORGAN GIESER, ESQ.
              Florida Bar No.: 1022196
              mgieser@lydecker.com
              MARGARET H. MEVERS, ESQ.
              Florida Bar No.: 726184
              mhm@lydecker.com

LR 7.1 (F) Certificate of Word Count
I certify the LR 7.1 (F) word count of this memorandum is 2,785 words.
I relied on MS Word's count for this certification.

## **CERTIFICATE OF SERVICE**

  WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail to Counsel for Plaintiff, Travis P. Lampert, Esq., Sulaiman Law Group, Ltd., 2500 Highland Avenue, Suite 200, Lombard, IL 60148, tlampert@sulaimanlaw.com, on this 18th day of December 2023.

              */s/ Morgan Gieser*
              Morgan Gieser, Esq.